IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

v.                             **CASE NO. 4:18-CR-00218-BSM**

**IAN BAYLEE MOYTOY**                                                                   **DEFENDANT**

## ORDER

Ian Baylee Moytoy's first motion to vacate, set aside, or correct sentence under 28 U.S.C. section 2255 [Doc. No. 71] and motion to reverse and vacate judgment [Doc. No. 80], which is construed as a second section 2255 motion, are denied as moot because he has filed an amended section 2255 motion. His motions for recusal [Doc. No. 76] and for leave to conduct discovery [Doc. No. 77] are denied. His motion to amend his section 2255 motion [Doc. No. 79] is granted. His motion [Doc. No. 83] for rulings on Doc. Nos. 76, 77, 79, and 80 are denied because those requests are moot. His motion [Doc. No. 83] for rulings on Doc. Nos. 72 and 78 are denied because they are not motions. His motion [Doc. No. 83] for the appointment of counsel is denied. His motion [Doc. No. 83] for a response from the government is granted. A ruling is reserved on Moytoy's request for a hearing on his section 2255 motion [Doc. No. 83].

A judge should recuse only if he holds personal and extrajudicial bias against a party, 28 U.S.C. § 455(a); *see Davis v. C.I.R.*, 734 F.2d 1302, 1303 (8th Cir. 1984), and I have no bias against Moytoy. Moreover, I am not required to recuse from Moytoy's 2255 action even though he argues that I committed error. *See Monteer v. Benson*, 574 F.2d 447 (8th Cir. 1978) (affidavits based on conclusions and opinions are insufficient basis for recusal).

Moytoy's conclusion that I am biased against him, and that recusal is necessary simply because he alleges wrongdoing on my part in his 2255 action, are insufficient to support recusal. *See Scenic Holding, LLC v. New Board of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007) (petitioner bears substantial burden of proving that judge acted with partiality).

Discovery in 2255 actions may be authorized for good cause, and the petitioner must provide reasons for the request. R. Governing Section 2255 Proceedings for U.S. District Courts Rule 6. To prove good cause, the petitioner must specifically show that, if the facts are fully developed, he will be able to demonstrate that he is entitled to relief. *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). Moytoy's broad request for "audio witness statements and other evidence," does not meet the good cause standard.

Moytoy's request for counsel is denied because he has no right to counsel in post-conviction proceedings. *See Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)).

The government has fourteen (14) days from the date of this order to respond to Moytoy's amended section 2255 motion [Doc. No. 81].

IT IS SO ORDERED this 22nd day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE